# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSEE
### KNOXVILLE DIVISION

| | | |
|---|---|---|
| ARNOLD BROWN, | § | |
| | § | |
| Plaintiff, | § | No.: 3:18-CV-00205 |
| | § | *Jury Trial Demanded* |
| vs. | § | |
| | § | |
| NORFOLK SOUTHERN RAILWAY | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DEPOSITION DESIGNATIONS AND DEFENDANT'S COUNTER-DESIGNATIONS

Comes Defendant, Norfolk Southern Railway Company, ("Norfolk Southern") by and through counsel, and pursuant to Rule 26 of the Federal Rules of Civil Procedure and this Court's Scheduling Order and practice, noting that many designations and objections/counter-designations are subject to pending motions and Norfolk Southern (and presumably Plaintiff) will amend their deposition designations, counter-designations, and objections to comply with the Court's rulings, and makes the following objections to Plaintiff's Deposition Designations, ECF 110, and counter-designations:

**Matthew Burnett:**

Mr. Burnette is a co-employee of Plaintiff and a member of the same Union. The Defendant makes the following objection to Plaintiff's designations and counter-designations for completeness:

Page 17, Lines 11-17: Leading question.

Page 19, Lines 23-25: No answer to question.

1

Page 21, Lines 21-25 and Page 22, Lines 1-9: Leading questions.

Page 22, Lines 19-22: Leading question.

Page 24, Line 25 and Page 25, Lines 1-11: No answer to question.

Page 25, Lines 22-25 and Page 26, Lines 1 and Lines 8-18: For completeness since questioned on job briefing.

Page 28, Lines 9-25; Page 29, Lines 1-25; Page 30, Lines 1-6: For completeness given Plaintiff's question to Mr. Burnett on Page 22, Lines 16-22.

Page 38, Lines 3-11: Leading.

Page 39, Lines 5-25; Page 40, Lines 1-14: Colloquial between attorneys and no answer to improper question and on Page 39, Lines 5-7.

Page 40, Lines 16-25; Page 41, Lines 1-19: Improper recitation of alleged testimony of another witness that is in dispute by Motion and otherwise and furthermore, argumentative.

**<u>Donald Calhoun</u>**:

Mr. Calhoun is a co-employee of Plaintiff and a member of the same Union. Norfolk Southern objects to the following deposition designations made by Plaintiff:

Page 11, Line 20 – Page 12, Line 25: Objection – Irrelevant.

Page 17, Line 13 – Page 18, Line 6: Objection – Leading. The designation also consists solely of questions and objections with no witness response to the questions posed.

Page 20, Line 18 – Page 21, Line 18: Objection – Leading.

Page 25, Lines 19 – 25: Objection – Irrelevant. Norfolk Southern further objects to the question about alleged other injuries as being unduly prejudicial. Rule 403.

Page 30, Lines 1 – 2: Objection – Irrelevant.

Page 31, Line 16 – Page 33, Line 22: Objection – Misstates the witness' testimony and calls for a legal conclusion (Page 31, Lines 16 – 20). The designation also requires an improper lay opinion. Rule 701. The designation also seeks speculation.

Page 33, Line 24 – Page 35, Line 2: Objection – The designation refers to a prior statement given by the witness. The statement is hearsay. Rule 801, 802.

2

Page 35, Line 14 – Page 40, Line 20: Objection – The designation refers to character evidence and is improper. Rule 404.

Paget 42, Line 21 – Page 43, Line 20: Objection – Calls for speculation.

Page 44, Line 7 – Page 46, Line 7: Objection – The designation refers to a prior statement given by the witness. This is hearsay. Rule 801, 802. The designation also calls for speculation by the witness.

Page 46, Line 9 – Page 50, Line 17: Objection – The designation seeks an improper lay opinion. Rule 701. Norfolk Southern further objects that the designation is argumentative and misstates the witness' testimony. Rule 403.

Page 51, Line 14 – Page 54, Line 4: Objection – This designation relates to issues regarding the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion for Partial Summary Judgment and Norfolk Southern's Motion in Limine. Rule 401, Rule 403.

Page 54, Line 6 – Page 60, Line 16: Objection – Argumentative and calls for speculation. The questions by counsel also misstates the witness' prior testimony. Norfolk Southern further objects to the designation as seeking improper lay opinion. Rule 701.

Page 60, Line 18 – Page 61, Line 6: Objection – The designation relates to character evidence and is improper. Rule 404.

Page 61, Line 8 – Page 63, Line 6: Objection – Calls for speculation. Also seeks an improper lay opinion. Rule 701.

Page 63, Line 8 – Page 64, Line 1: Objection – The designation refers to a prior statement given by the witness. This is hearsay. Rule 801, 802. The designation also references character evidence and is improper. Rule 404.

Page 64, Line 2 – Page 65, Line 10: Objection – Irrelevant.

Page 65, Line 11 – Page 67, Line 22: Objection – The designation refers to a prior statement by the witness. This is hearsay. Rule 801, 802. The designation also references character evidence and is improper. Rule 404. The designation is also repetitive and cumulative of prior testimony. Rule 403.

Page 69, Lines 15 – 19: Objection – Speculation.

Page 70, Lines 1 – 20: Objection – Repetitive and cumulative. Rule 403. The designation also requests hearsay testimony. Rules 801, Rule 802. The designation also involves improper witness pitting. Rule 403.

Page 71, Line 22 – Page 72, Line 2: Objection - Repetitive and cumulative. Rule 403. The designation also requests hearsay testimony. Rules 801, Rule 802. The designation also involves improper witness pitting. Rule 403.

Page 72, Line 3 – Page 74, Line 4: Objection – Irrelevant.

Page 76, Line 12 – Page 77, Line 6: Objection – Calls for speculation.

Page 77, Line 8 – Page 78, Line 17: Objection – Calls for speculation.

Page 107, Line 3 – Page 109, Line 9: Objection – Argumentative. The designation also seeks improper lay opinion. Rule 701.

Page 111, Line 3 – Page 113, Line 6: Objection – Calls for speculation.

Page 113, Line 24 – Page 115, Line 7: Objection – Irrelevant.

For completeness, Defendant's cross-examination should be read along with the statement that Mr. Calhoun gave to Defendant's counsel with permission and which he had reviewed and adopted as true, without change, as his deposition testimony.

**<u>Tyler Chambers</u>:**

Mr. Chambers is a co-employee of Plaintiff and a member of the same Union.   Norfolk Southern objects to the following deposition designations made by Plaintiff:

Page 6, Lines 21-23:   Objection - for privacy concerns, Courts require redaction of road addresses of witnesses.

Page 10, Lines 6-10:   Objection - Speculation.

Page 11, Line 15 through Page 12, Line 17:   Objection - counsel's opening question is premised on speculation about Mr. Brown's "awareness" of the train and horn sounding past the crossing is irrelevant and subject to Motion for Partial Summary Judgment, which is incorporated as if set forth verbatim herein.

Page 13, Line 21 through Page 14, Line 1:   Objection - irrelevant horn testimony, subject to Motion for Partial Summary Judgment.

Page 14, Lines 15-22:   Objection - contains irrelevant horn testimony subject to Motion for Partial Summary Judgment and repetitive.   FRE 401, 402 and 403.

4

Page 16, Line 18 through Page 17, Line 9: Objection - asked and answered. leading. Objection - calls for speculation and is misleading, FRE 403, as the evidence is that the notification/train clearance procedure was properly done and Plaintiff's own expert, Mr. Ogden criticizes only Foreman Calhoun, who testified that he notified Mr. Brown of the train and Mr. Brown acknowledged he was in the clear but that he also notified Mr. Mick to clear the train and Mr. Mick, accordingly notified the RWIC. So, there was "no exception" to the train clearance procedure. This testimonial excerpt will create a misapprehension in the minds of the jurors. Mr. Brown participated in a job briefing with Foreman Calhoun in which he ordered Mr. Brown not to do work that would foul the adjacent track. Mr. Chambers did not have access to a radio to know about Mr. Brown's notification, and he did not participate in this job briefing.

Page 18, Line 2 through Page 21, Line 1: Objection. Incomplete. For completeness, Defendant relies on its previously filed designation as counter-designation: Page 29, Lines 4-18.

Page 21, Line 2 through Page 22, Line 1: Objection - speculation.

Page 22, Lines 5-20: Objection - calls for speculation, leading, improper "refreshing memory", incomplete/misleading hypothetical, lacking in proper foundation, as it does not include facts related to Mr. Brown's activities or what Mr. Chambers's percipient to the accident observed and extracting improper lay opinion. FRE 403, 701, 611, 612.

Page 22, Line 21 through Page 24, Line 10 (excepting Page 23, Lines 4-5): Objection - speculation, lack of foundation, improper lay opinion from unqualified witness, improper leading and use of surreptitiously recorded phone call to "refresh" memory. FRE 402, 701, 611, 612. Defendant adopts as its objection its Motion for Partial Summary Judgment materials and briefing as well as its Motion in Limine, ECF 112, as if set forth verbatim herein, and also refers to Defendant's Motion to Exclude Testimony of Plaintiff's acoustic expert Dr. Kenneth Cunefare and all supporting materials and briefing.

Page 24, Line 14 through Page 25, Line 17: Objection - asked and answered. leading. Objection - calls for speculation and is misleading, FRE 403, as the evidence is that the notification/train clearance procedure was properly done and Plaintiff's own expert, Mr. Ogden criticizes only Foreman Calhoun, who testified that he notified Mr. Brown of the train and Mr. Brown acknowledged he was in the clear but that he also notified Mr. Mick to clear the train and Mr. Mick, accordingly notified the RWIC. So, there was "no exception" to the train clearance procedure. This testimonial excerpt will create a misapprehension in the minds of the jurors. Mr. Brown participated in a job briefing with Foreman Calhoun in which he ordered Mr. Brown not to do work that would foul the adjacent track. Mr. Chambers did not have access to a radio to know about Mr. Brown's notification, and he did not participate in this job briefing. Objection - calls for improper lay opinion on purpose of rules and procedure. FRE 701.
.
Page 25, Lines 18-23: Objection - speculation and improper lay opinion. FRE 403 and 701.

Page 28, Lines 7-22: Objection - irrelevant character evidence and risk of confusion to, if not

5

inflaming jury, and generates excessive sympathy. FRE 401, 402, 403, and 404; Defendant's Omnibus Motion in Limine, ECF 111.

Page 35, Lines 3-14: Objection - irrelevant and misleading testimony related to the horn sounding and subject to Motion for Partial Summary Judgment and Lay Witness Motion in Limine, FRE 112.

Page 35, Line 15 through Page 36, Line 20 and Page 37, Lines 12-16: Objection - asked and answered and leading as well as argumentative and constitutes multiple re-direct examination not contemplated by federal procedure. FRE 403, 611. Objection - calls for speculation and is misleading, FRE 403, as the evidence is that the notification/train clearance procedure was properly done and Plaintiff's own expert, Mr. Ogden criticizes only Foreman Calhoun, who testified that he notified Mr. Brown of the train and Mr. Brown acknowledged he was in the clear but that he also notified Mr. Mick to clear the train and Mr. Mick, accordingly notified the RWIC. So, there was "no exception" to the train clearance procedure. This testimonial excerpt will create a misapprehension in the minds of the jurors. Mr. Brown participated in a job briefing with Foreman Calhoun in which he ordered Mr. Brown not to do work that would foul the adjacent track. Mr. Chambers did not have access to a radio to know about Mr. Brown's notification, and he did not participate in this job briefing. Objection - calls for improper lay opinion on notification procedure. FRE 701. For completeness and if the testimony remains,

Page 38, Lines 4-6: Objection. Cumulative, argumentative, and constitutes multiple re-direct examination in contravention of federal witness examination practice. FRE 403, 611.

**Mike Hamm:**

Mike Hamm is Norfolk Southern's train superintendent, who works in Bluefield, West Virginia, and resides in Lebanon, Virginia.

General objection: The scope of Mr. Hamm's involvement in this case was very limited – to determine whether there had been a rules violation by the train crew, to charge the train crew, and to participate in the disciplinary proceedings for the train crew. Norfolk Southern filed a designation of Mr. Hamm's deposition with anticipatory designations to be read/played only in the event that the Court's denies Defendant's motions and/or subject to its rulings and does not intend any designation or counter-designation, except as to train weight, length, and speed, to constitute Defendant's proof. Norfolk Southern objects to the entirety of Mr. Hamm's deposition on the

6

ground that the testimony relating to his investigation to determine if the train crew committed any rule violations with regard to the sounding of the train horn is irrelevant and consists of improper lay opinions and conclusions, which Mr. Hamm is not qualified to offer. See Norfolk Southern's Motions in Limine and Motion for Partial Summary Judgment. Further, in the event the Court permits the jury to hear any testimony relating to the failure of the train crew to sound the train horn, Norfolk Southern is willing to stipulate that the train crew violated Norfolk Southern operating rules relating to the sounding of the train horn. Additionally, Norfolk Southern suggests that the parties enter a stipulation as to the weight, length, and speed of the train. Thus, Mr. Hamm's testimony on these issues is irrelevant and a waste of time. Federal Rules of Evidence, 401, 402, 403, 407, 701 and 702, see also, Defendant's Motion for Partial Summary Judgment, related to the sounding of the train horn, and all filings and briefing in support, ECF 78, 81, 96, Defendant's Motion in Limine and supporting filings relating to Mr. Hamm's causation testimony, ECF 113, Defendant's Omnibus Motion in Limine, relating to crew discipline, ECF 111, and Defendant's Motion in Limine related to lay testimony. ECF 112.

In addition to the above objections on substantive evidentiary issues, Norfolk Southern objects to the Plaintiff's following designations of Mr. Hamm's deposition on additional grounds:

Page 6, Lines 10-13: Objection - Irrelevant, prior incident. FRE 401, 402, FRE 403 and 404.

Page 6, Lines 14 through Page 7, Line 19: Objection - Unnecessary colloquy regarding the witness's "representation" by counsel, which is an irrelevant legal conclusion and risks confusing or misleading the jury that Mr. Hamm needs counsel and risk bias against the witness and unfair prejudice to Norfolk Southern. The remaining is counsel's colloquy and unnecessary lecture of the witness about deposition behavior. FRE 401, 402, and 403.

Page 7, Line 20 through Page 8, Line 24: Objection. Attorney-client privilege and work product. This witness is a management/company office employee, thus he is represented by Norfolk Southern's counsel, and it is not proper to inquire as to what he reviewed to prepare for deposition. Additonally, it is not relevant. FRE 401, 402.

7

Page 12, Line 12 through Page 13, Line 21: Objection - Testimony regarding this witness's rules compliance and discipline over a decade before this incident is irrelevant to any issue in this case. This testimony is designed solely to inject improper character evidence into the trial by attempting to impugn Norfolk Southern's management witness and its overall character for safety and/or to confuse, if not inflame the jury, against this witness and Norfolk Southern. FRE 401, 402, 403, and 404.

Page 17, Lines 17-19: Objection. See, Motion for Partial Summary Judgment.

Page 18, Line 13 through Page 21, Line 5: Objection. Mr. Hamm is in transportation not maintenance of way, and he was not working in dispatch at the time of the accident, thus his testimony is speculative regarding radio communications. He also is in error about the R3 radio communications on the day of the accident, and whether non-dispatcher channels are recorded, which they are not. This testimony is thus misleading and not consistent with the record. FRE 401, 402, 403. The testimony also references the "investigation" - i.e. the disciplinary hearing, which is the subject of Defendant's motion in limine. See, also FRE 407. Lastly, at page 21, Line 4 this question was withdrawn and/or not answered, so it is colloquy.

Page 25, Lines 6-13, 17-25. Objection. Attorney-client privilege and work product. This witness is a management/company office employee, thus he is represented by Norfolk Southern's counsel, and it is not proper to inquire as to what he reviewed to prepare for deposition. Additionally, it is not relevant. FRE 401, 402.

Page 26, Lines 8-13: Objection. To the extent Plaintiff is using this testimony to suggest Defendant has spoliated evidence or some such similar insinuation, see Defendant's Omnibus Motion in Limine on this subject. ECF 111. Additionally, it is not relevant since he did not review RailView® for his limited investigation nor is it relevant who did see it. FRE 401 and 402.

Page 29, Line 22 through Page 30, Line 13: Objection. Irrelevant. FRE 401 and 402.

Page 37, Line 8 through Page 38, Line 4: Objection. See, Defendant's Motion for Partial Summary Judgment and its Omnibus Motion in Limine related to the subsequent remedial measure discipline proceedings. FRE 401, 402, 403, and 407.

Page 39, Line 2 through Page 40, Line 15: Objection. Irrelevant, FRE 401 and 402, and designed to inject excessive sympathy for Mr. Brown or to otherwise inflame the jury and is cumulative of the actual medical evidence in the record as well as Mr. Brown's own anticipated testimony on his injury. FRE 403. Hearsay. FRE 801 and 802.

Page 44, Lines 1-3: Objection. Attorney soliloquy with no question and incomplete sentence. See also, objections and motions related to train horn.

8

Page 52, Line 15 through Page 54, Line 18: Objection. See, Motion for Partial Summary Judgment (note, designations by Defendant were made only in the event the Court denies its Motion for Partial Summary Judgment). Additionally, from Page 53, Line 10 through Page 54, Line 13, is objectionable as Mr. Hamm is in transportation - not maintenance of way, so his testimony lacks foundation, lacks personal knowledge of maintenance-of-way procedure, and the R3 practices, FRE 701, and thus calls for speculation. Calls for hearsay. FRE 801 and 802. Unnecessarily cumulative of R3 members and RWIC White's testimony. FRE 403.

Page 61, Line 3 through Page 63, Line 5: Objection. See, Motion for Partial Summary Judgment (note, designations by Defendant were made only in the event the Court denies its Motion for Partial Summary Judgment).

Page 68, Lines 23-25 and Page 70, Lines 4-19: Objection. Irrelevant. FRE 401-402. See, Motion for Partial Summary Judgment; see also, Motion to Exclude Testimony of Kenneth Cunefare. To the extent to suggest causation opinion, no foundation as this testimony requires scientific opinion and calls for speculation. FRE 701-702, *Daubert*; See also, Defendant's Motion to Exclude Testimony of Kenneth Cunefare and Brandon Ogden. Improper legal conclusion and interferes with jury's determination of what is reasonable or unreasonable. Alternatively, incomplete, and thus page 74, line 10 through Page 75, line 9 and Page 76, Line 23 through Page 77, Line 2 should be read for completeness and to avoid misleading/confusing the jury. FRE 403.

Page 103, Line 2 through Page 106, Line 5: Objection. Irrelevant. FRE FRE 401-402. See, Motion for Partial Summary Judgment; see also, Motion to Exclude Testimony of Kenneth Cunefare. This testimony also deals with subsequent remedial measure of crew discipline. See, Omnibus Motion in Limine.

Page 123, Lines 10-23: Objection. Irrelevant. FRE 401 and 402. Unfairly prejudicial and seeks to insert a non-meaningful character/credibility issue with witness. FRE 403 and 404. Engineer Myers asked if he wanted to change his statement about the speed of the train, and testified that he did want to do that because he was wrong and simply guessing when he arrived much later that evening in Portsmouth, Ohio, and completed his handwritten statement. (See, Myers Depos. 80:2-14). The event recorder is reliable and is the best evidence of the speed of the train at the time of the accident and the moments leading up to the accident.

Page 135, Line 4 through Page 137, Line 12 and Page 138, Line 12 through Page 140, Line 19: Objection. All lines related to the horn sounding and to the extent the remaining discussion about the event recorder is for purposes related to the horn sounding, irrelevant. FRE 401-402. See, Motion for Partial Summary Judgment; see also, Motion to Exclude Testimony of Kenneth Cunefare. Also, to the extent it is used to refer in any way to the train crew's discipline, see Defendant's Omnibus Motion in Limine on this subject and FRE 407. Lastly, Norfolk Southern stipulates that the event recorder data is reliable, so this is unnecessarily argumentative and cumulative. FRE 403. Additionally, testimony related to what the train crew did or did not do related to the train horn after the moment it struck the handles of Mr. Brown's cribber is irrelevant,

9

FRE 401 and 402, and is designed to inflame the jury and otherwise confuse them regarding the issue in this case - what acts or omissions *before* the accident more likely than not caused or contributed to the accident, thus it should be excluded under FRE 403.

Page 170, Line 6 through Page 171, Line 15: Objection. Irrelevant. FRE 401 and 402. Asked and answered. Submitted solely to create bias against Norfolk Southern and/or sympathy for Mr. Brown. FRE 403. Testimony is based on hearsay, FRE 801 and 802, and calls for speculation since Mr. Hamm did not interview Mr. Brown.

Page 181, Line 17 through Page 182, Line 5: Objection. Irrelevant. FRE 401 and 402, see also, Motion for Partial Summary Judgment. Testimony also deals with discipline and inadmissible on those grounds. See, Defendant's Omnibus Motion in Limine. Hearsay. FRE 801 and 802. Lastly, the testimony related to "reporting an incident to the proper authority" is1) irrelevant, FRE 401 and 402, as having nothing to do with the cause of the accident, and 2) is inaccurate as the train crew immediately reported to and radioed RWIC White, and should be inadmissible as confusing and/or misleading the jury on the probative issues in the case and the risk of inflaming the jury. FRE 403.

Page 190, Line 12 through Page 192, Line 22 and Page 193, Line 19 through Page 194, Line 2: Objection. Lack of foundation as Mr. Hamm is a transportation side employee not maintenance of way and he does not have personal knowledge of the R3 practice and procedures. Seeks improper lay opinion. FRE 701. He is not and has not been disclosed as an expert in the notification procedures from the engineering side, FRE 702, and Plaintiff's own expert, Mr. Ogden, does not criticize Mr. Mick, the R3 supervisor or RWIC White, and the evidence is that Mr. Mick contacted the group foremen appropriately and obtained clearance from them, including Mr. Calhoun, thus the hypothetical set up in this interrogation is inaccurate and/or misleading, and inadmissible pursuant to FRE 403 concerns. The testimony calls for hearsay regarding what the RWIC and R3 call and tell one another. FRE 801 to 802. This testimony is unnecessarily cumulative and misleading. FRE 403.

Page 195, Lines 4-12: Objection. Mr. Hamm is not qualified to offer a causation opinion, FRE 701 and 702, the personal statement is by his own admission speculative, and his personal opinion does not qualify as a party admission exception to hearsay. It further is inadmissible pursuant to FRE 403 as misleading to the jury. Norfolk Southern adopts as its objection as if set forth verbatim herein, its Motion for Partial Summary filings and briefing as well as its Motion in Limine Related to this testimony, ECF 113. Alternatively, if the Court denies the motions and/or allows the testimony on causation, the testimony is incomplete, and the following should be read/played to the jury for completeness and to reduce the risk of misleading the jury: Page 42, Line 13 to Page 43, Line 5, Page 217, Line 5 through Page 218, Line 4 and Page 238, Line 9 through Page 239, Line 18 through Page 240, Line 7 (excluding objection colloquy) along with all testimony related to the limited investigation/lack of qualifications of this witness to opine on causation.

Page 218, Line 23 through Page 219, Line 25: Objection. Irrelevant. FRE 401 and 402. The questioning is argumentative and harassing the witness. Additionally, this testimony should be

10

inadmissible at least under FRE 403 as suggesting Defendant's counsel has coached the witness, which is not the truth, and Plaintiff did not call the Court and has not otherwise sought any relief for whatever he interprets to have been improper conduct, which it was not, but at any rate would be a legal matter, and seems to derogate Plaintiff's own motion in limine about attacks on counsel. Additionally, this testimony should be omitted as sanctions for counsel's improper intimidation and accusation of perjury against this witness. Alternatively, to the extent the Court denies the Motion for Summary Judgment or other motions dealing with the horn, and if this exchange is allowed to stand, it is incomplete and Defendant counter-designates Page 220, Lines 1-14.

Page 222, Line 11 through Page 224, Line 10: Objection. Calls for speculation and misleading hypothetical - Mr. Calhoun gave a job briefing order that set the parameters for Mr. Brown's work and told him not to foul the adjacent track. All of the R3 members testified that they would obey such an order and that they would not foul the track without calling for permission or looking for a train. FRE 403. Again, Mr. Hamm is on the transportation side of Norfolk Southern's operations. He is not in the engineering department, and he is not familiar with the job procedures of the R3 gang nor is he familiar with what work was being done on the date of the accident and what notifications actually occurred. FRE 403. There is no foundation for this testimony and it is calls for hearsay. FRE 701, 801 and 802. Seeks improper lay opinion. FRE 701. Alternatively, incomplete, and to the extent the Court allows this testimony, Defendant specifically counter-designates Page 242, Line 22 through Page 243, Line 4.

Accordingly, Norfolk Southern objects entirely to Plaintiff's designation, and submits that in the event that any of its Motions are denied, for completeness and so that his testimony does not mislead or confuse the jury, and to prevent unfair prejudice to Norfolk Southern, Norfolk Southern relies on its previously filed designations as counter-designations.

**<u>Mike Hunter:</u>**

Mr. Hunter is retired and currently residing in Cordele, Georgia. At the time of the accident he was a General Division Engineer and participated in the investigation of the accident. The Defendant objects to the following deposition designations made by Plaintiff and makes counter designations for completeness.

Furthermore, there are deposition designations originally made by Plaintiff that Plaintiff now has made objections.

Page 18, Lines 1-10: Originally designated by Plaintiff and now Plaintiff has filed an objection.

11

This testimony should be designated for completeness for Lines 11-16 designated by Plaintiff.

Page 32, Lines 8-25: For completeness.

Page 54, Lines 16-25: Completeness for testimony designated on Page 55, Lines 8-22.

Page 57, Lines 15-25 and Page 58, Lines 1-8: This testimony relates to the train horn and is improper for the reasons stated in Defendant's Motion for Summary Judgment and in Limine, and if granted, it should be stricken as irrelevant and immaterial. FRE 401, 402 and 403.

Page 58, Lines 23-25; Page 60, Lines 1-25; Page 61, Lines 1-25; Page 62, Lines 1-25; Page 63, Lines 1-25: This testimony relates to the train horn and is subject to Motion and, if granted, it should be stricken as irrelevant and immaterial. FRE 401, 402 and 403.

Page 66, Lines 12-25; Page 67-Lines 1-25; Page 68, Lines 1-25; Page 69, Lines 1-25; Page 70, Lines 1-25; Page 71, Lines 1-14: This testimony relates to the train horn and is subject to Motion and, if granted, it should be stricken as irrelevant and immaterial. FRE 401, 402 and 403.

Page 74, Lines 5-13: For completeness. Plaintiff had designated this testimony himself.

Page 75, Line 25 and Page 76, Lines 1-19: The witness did not answer the question. FRE 401, 402 and 403.

Page 79, Lines 14-20: For completeness.

**<u>Brook Johns</u>**:

Mr. Johns was a co-employee of Plaintiff and a member of the same Union and resides in Guntersville, Alabama. Norfolk Southern objects to the following deposition designations made by Plaintiff:

Page 8, Lines 11 – 16: Objection – Irrelevant. Norfolk Southern further objects on the basis that the testimony is misleading. Rule 401, Rule 403.

Page 28, Line 1 – Page 30, Line 11: Objection – Leading. The testimony also calls for an improper lay opinion. Rule 701.

Page 42, Line 17 – Page 43, Line 10: Objection – Calls for speculation.

Page 43, Line 14 – Page 44, Line 8: Objection – Irrelevant. Rule 401.

Page 44, Lines 9 – 25: Objection – Irrelevant and unduly prejudicial. This designation relates to

the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment. Rules 401, 403.

Page 45, Line 1 – Page 49, Line 9: Objection – Cause for speculation. The witness also admits to lacking personal knowledge of the matters at issue. Further, Norfolk Southern objects to the testimony about Mr. Brown's prior safety record on the basis of improper character evidence. Rule 404.

Page 54, Lines 1 – 5: Objection – Leading. The witness also admits to no personal knowledge.

Page 54, Line 11 – Page 58, Line 25: Objection – Leading. The designation also seeks an improper lay opinion. Rule 701.

Page 82, Line 17 – Page 83, Line 20: Objection – Speculation. Norfolk Southern further objects on the basis of improper lay opinion. Rule 701.

Page 85, Lines 3 – 5: Objection – Testimony calls for improper lay opinion. Rule 701.

Page 85, Line 6 – Page 86, Line 4: Objection – Irrelevant.

Page 86, Line 5 – Page 88, Line 1: Objection – Speculation. The testimony also calls for an improper lay opinion. Rule 701.

Page 91, Lines 5 – 9: Objection – Calls for speculation.

Page 94, Lines 1 – 4 and Lines 21 – 25: Objection – Calls for speculation.

Page 95, Line 1 – Page 96, Line 6: Objection – Calls for speculation. The testimony also seeks an improper lay opinion. Rule 701.

Page 96, Line 8 – Page 102, Line 25: Objection – Irrelevant. Rule 401.

Page 105, Line 21 – Page 107, Line 16: Objection – This designation relates to the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment. Rules 401, 403. Norfolk Southern further objects on the grounds the testimony seeks an improper lay opinion. Rule 701.

Page 108, Line 6 – Page 110, Line 5: Objection – Calls for speculation. The designation also seeks an improper lay opinion. Rule 701.

Page 110, Line 14 – Page 130, Line 23: Objection – This designation relates to the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment. Rules 401, 403. Norfolk Southern further objects on the ground that the video was displayed using an improper wheel size, which causes the

13

speed reflected and discussed in the deposition to be inaccurate. Therefore, Norfolk Southern objects that the testimony is misleading and would be unduly prejudicial. Rule 403.

Page 131, Line 2 – Page 137, Line 14: Objection – Calls for speculation. Norfolk Southern further objects that the questioning was leading. Norfolk Southern further objects that the testimony seeks an improper lay opinion. Rule 701.

Page 151, Line 23 – Page 154, Line 17: Objection – Calls for speculation.

Page 155, Line 15 – Page 158, Line 13: Objection – Calls for speculation. Further, the testimony seeks an improper lay opinion. Rule 701.

In the event the Court overrules Norfolk Southern's objections regarding testimony related to the train horn, Norfolk Southern counter-designates Page 139, Line 4 – Page 141, Line 4.

**Jon Mick:**

Mr. Mick is a retired Supervisor residing in the state of Kentucky. Norfolk Southern objects to Plaintiff's designations and makes counter designations for completeness to the following deposition designations made by Plaintiff:

Page19, Lines 21-25: For completeness.

Page 21, Lines 6-11: For completeness.

Page 21, Lines 22-25: For completeness.

Page 22, Lines 3-15: For completeness.

Page 23, Lines 13-24: For completeness.

Page 25, Lines 7-15: RFE 404. Furthermore, testimony of this nature has been made the subject of Defendant's Motion in Limine.

Page 26, Lines 7-25 and Page 7, Lines 1-4: For completeness.

Page 27, Lines 21-25 and Page 28, Lines 1-6: For completeness.

Page 30, Lines 9-20: For completeness relating to questions on Page 30, Lines 21-25 and Page 31, Lines 1-11.

Page 40, Lines 16-17 and Lines 22-24: For completeness. Plaintiff himself has designated this

14

testimony but has now objected to it.

Page 42, Lines 1-3: For completeness relating to testimony on Page 41. Plaintiff himself designated this testimony but has now objected to it.

Page 48, Lines 5-25: Improper question predicated on statement within question "I understand and appreciate your willingness and your desire to protect Mr. Calhoun." And, furthermore, argumentative.

Page 49, Lines 22-25 and Page 50, Line 1: Completeness. Plaintiff himself designated this testimony but has now objected to it. Furthermore, the witness had testified that if there was to be a prolonged fouling, given the cribber noise, a call should be made. Prolonged was defined on Page 108, Lines 18-21. It is undisputed that it took at least 2 minutes to move the cribber to the place of the accident. There is testimony by Mr. Brown himself that it would take 8 to 10 minutes to cut a rail. It is undisputed that the saw reached from the gauge of Track No. 1 to the envelope of Track No. 2 where the handle was struck. Accordingly, it was Plaintiff's duty and obligation, given the definition of *"prolonged"* by the witness, to call given the extraordinary sound of the cribber, to make sure a train had not been cleared and, at the very least, to look. Page 108, Lines 18-21, should be inserted for clarity.

Page 53, Lines 12-21: For completeness. Plaintiff himself designated this testimony but has now objected to it.

Page 54, Lines 3-15: Plaintiff's counsel's lecture/comment, "So, we're having a disconnect here and I know it's frustrating you and it's frustrating me and I know with absolute certainty it is frustrating Mr. Baker" – Mr. Baker: "I object to your dialogue once again and your comment. Just ask questions."

Page 57, Lines 1-25: Witness did not answer the question and asked for it to be restated. Witness answered the question on the following page: Page 70, Lines 5-8: repetitive. The witness had answered this question several previous times.

Page 71, Lines 1-6: Repetitiveness. The witness had been asked and answered this question on previous designations.


**<u>Ricardo Myers</u>**:

      Mr. Myers is the locomotive engineer, now retired. Norfolk Southern objects to the following deposition designations made by Plaintiff:

Page 6, Line 5 – Page 9, Line 16: Objection – Irrelevant; Rule 401. Norfolk Southern further objects to the extent this testimony references disciplinary action taken against the train crew. This

testimony is improper under Rules 403 and 407 for the reasons stated in Norfolk Southern's Motion in Limine.

Page 12, Line 1 – Page 12, Line 24: Objection – Irrelevant; Rule 401. Norfolk Southern further objects to the extent this designation references other rule violations involving Mr. Myers. This testimony is improper under Rule 403 and Rule 404.

Page 17, Line 13 – Page 22, Line 19: Objection – Irrelevant; Rule 401. This designation also references issues relating to the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion for Partial Summary Judgment and Norfolk Southern's Motion in Limine. Rule 401, Rule 403.

Page 25, Line 3 – Page 26, Line 9: Objection – Calls for speculation; hearsay. Rules 801, 802.

Page 27, Line 5 – Page 32, Line 10: Objection – Hearsay (Page 27, Lines 5-10); Rules 801, 802. Irrelevant; Rule 401. Norfolk Southern also objects to the extent this designation references issues related to the horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment. Rule 403. This designation also references post-accident conduct and hearsay (Page 31, Line 18 – Page 32, Line 10) which is irrelevant and unduly prejudicial. Rules 401, 403, 801, 802.

Page 39, Line 19 – Page 40, Line 16: Objection – This designation relates to testimony regarding the sounding of the horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment. Rules 401, 403.

Page 41, Line 19 – Page 71, Line 19: Objection – This designation relates entirely to issues regarding the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment. Rules 401, 403.

Page 77, Line 16 – Page 79, Line 18: Objection – This testimony relates to the rules regarding sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment. Rules 401, 403.

Page 79, Line 19 – Page 80, Line 20: Objection – This testimony relates to a prior written statement made by the witness. This testimony is irrelevant, cumulative and hearsay. Rules 401, 403, 801, 802.

Page 81, Line 4 – Page 83, Line 24: Objection – This designation relates to disciplinary action taken against the train crew. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine. Rules 401, 403, 407.

Page 88, Lines 7 – 10: Objection – The witness is asked whether he accepts responsibility for not blowing the horn. Such testimony is irrelevant and improper. Rules 401, 403. The jury will determine responsibility for the accident and the witness' opinion on the matter is not relevant.

Page 111, Lines 8 – 22: Objection – This designation relates to the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment. Rules 401, 403.

In the event the Court permits testimony about the discipline waiver to be presented, Norfolk Southern counter-designates the testimony beginning at Page 106 lines 7-23.

## Randolph L. Pennington:

Mr. Pennington is the Process Engineer of Program Maintenance of Norfolk Southern Railway Company and lives in Canton, Georgia. One of his responsibilities is to investigate accidents of the type and nature involved in this case. Furthermore, Plaintiff has designated sections of the deposition and also served objections for the same deposition in many instances throughout the deposition. The Defendant objects to the following deposition designations made by Plaintiff and makes counter designations for completeness:

Plaintiff designated Pages 20, Lines 1-25; Page 21, Lines 1-21; Page 23, Lines 1-25; and Page 23, Lines 1-15, and then served objections to the same testimony. In any event, Page 23, Lines 16-25 and Page 24: 1-4: For Completeness.

Page 44, Lines 4-25; Page 45, Lines 1-25; Page 46, Lines 1-25; Page 47, Lines 1-8: This testimony is improper for the reason stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment relating to the sounding of the horn. Rules 401, 402 and 403.

Page 73, Lines 13-17: Plaintiff designated this testimony and then objected to it. In any event, Lines 18-21 for completeness.

Page 97, Lines 11-13: This testimony calls for a legal conclusion. Page 101, Lines 1-9: No answer given to question. FRE 401, 402 and 403.

Page 103, Lines 5-8: This is merely a statement by Plaintiff's counsel without a question. FRA 401, 402 and 403.

Page 116, Lines 18-25 and Page 117, Lines 1-4: Plaintiff's counsel is lecturing the witness without a question. FRE 401, 402 and 403.

Page 117, Lines 6-7: "That it's subject to the penalty of perjury." Improper statement by counsel. FRE 401, 402 and 403.

Page 137, Line 25 and Page 138, Lines 1-19: The question is argumentative and improper claim about the testimony of Donnie Calhoun. FRE 401, 402 and 403.

Plaintiff designated Page 143, Lines 1-18 and then objected to it. The Defendant agrees with Plaintiff's objection and withdraws that designation. In any event, Lines 14-18 relate to the sounding of the horn and this testimony is improper for the reason stated in Norfolk Southern's Motion for Partial Summary Judgment and Norfolk Southern's Motion in Limine, Rule 401, Rule 403. If Motions overruled, then Defendant counter designates Page 143, Lines 19-24 for completeness.

Page 188, Lines 3-20: For completeness for testimony at Lines 21-25 and Page 189, Lines 1-9.

Page 189, Lines 10-14: For completeness. Plaintiff had designated this testimony and then served an objection to the same testimony.

Page 189, Lines 14-25 and Page 190, Lines 1-25 and Page 191, Lines 1-12: Argumentative. FRE 401, 402 and 403.

Page 193, Lines 21-25, Page 194, Lines 1-10: Improper hypothetical – argumentative. FRE 401, 402 AND 403.

## <u>John Stewart</u>:

Mr. Stewart was the train conductor and resides in Ohio. Norfolk Southern objects to the following deposition designations made by Plaintiff:

Page 8, Line 5 – Page 9, Line 18: Objection – Irrelevant; Rule 401. Norfolk Southern further objects to Page 8, Lines 5 – 10 on the grounds that this testimony is misleading and unduly prejudicial. Rule 403.

Page 28, Line 18 – Page 33, Line 4: Objection – Irrelevant and unduly prejudicial. This designation references issues relating to the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion for Partial Summary Judgment and Norfolk Southern's Motion in Limine. Rule 401, Rule 403.

Page 35, Line 21 – Page 39, Line 24; Page 41, Lines 2 – 5; Page 46, Lines 17 – 18; and Page 52, Lines 16 – 20: Objection – Irrelevant and unduly prejudicial. This designation references issues relating to the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion for Partial Summary Judgment and Norfolk Southern's Motion in Limine. Rule 401, Rule 403. Norfolk Southern further objects to the extent these designations relate to testimony by the witness that the locomotive horn sounded as the train was passing Mr.

Brown. There is no contention by any party in this case that the train sounded at that point in time. Accordingly, this designation is misleading and unduly prejudicial. Rule 401, Rule 403.

Page 53, Line 11 – Page 87, Line 14: Objection – Irrelevant and unduly prejudicial. This designation relates to issues regarding the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion in Limine and Motion for Partial Summary Judgment. Rule 403. Further, portions of this designation relate to a written statement provided by the witness. The written statement is hearsay, Rule 801, Rule 802, and is cumulative of the witness' testimony. Rule 401, Rule 403.

Page 87, Line 15 – Page 88, Line 17: Objection – Hearsay. Further, this designation relates to post-accident conduct which is irrelevant and unduly prejudicial. Rule 401, Rule 403.

Page 88, Line 18 – Page 89, Line 20: Objection – Irrelevant. The witness admits he has no personal knowledge of the matters inquired about. The designation also calls for medical opinions. The designation essentially consists of testimony by Plaintiff's counsel, which is improper. Rule 403.

Page 90, Line 8 – Page 100, Line 20: Objection – Irrelevant and unduly prejudicial. This designation relates to disciplinary action taken against the train crew and a waiver signed by the witness. This testimony is irrelevant for the reasons stated in Norfolk Southern's Motion in Limine. Rule 401, Rule 403, Rule 407. Additionally, the testimony designated at Page 96, Line 14 – Page 98, line 15 amounts to improper witness pitting.

Page 113, Line 17 – Page 114, Line 23: Objection – The designation calls for improper lay opinion testimony and is prohibited by Rule 701.

Page 117, Line 14 – Page 118, Line 12: Objection – Irrelevant and unduly prejudicial. Rule 401, Rule 403.

In the event the Court permits testimony about the discipline waiver to be presented, Norfolk Southern counter-designates the testimony beginning at Page 111, Line 16 – Page 113, Line 1.

**<u>Steve White</u>**:

Mr. White was the Roadway Worker in Charge and resides in West Virginia. Norfolk Southern objects to the following deposition designations made by Plaintiff:

Page 11, Lines 5 – 22: Objection – Irrelevant. This designation also relates to alleged prior bad acts. This evidence is inadmissible pursuant to Rule 404, FRE.

Page 126, Line 19 – Page 127, Line 20: Objection – Calls for improper lay opinion. Rule 701.

Page 132, Line 7 – Page 133, Line 1: Objection – Irrelevant. If the Court permits this testimony,

then Norfolk Southern counter-designates Page 133, Line 2 – Page 134, Line 6.

Page 145, Line 19 – Page 146, Line 14: Objection – This designation relates to post-accident conduct. The testimony is irrelevant. Rule 401. Further, the evidence is unduly prejudicial. Rule 403.

Page 184, Line 25 – Page 186, Line 14: Objection – Calls for speculation.

Page 198, Line 5 – Page 200, Line 24: Objection – Calls for an improper lay opinion. Rule 701. The designation also relates to the sounding of the train horn. This testimony is improper for the reasons stated in Norfolk Southern's Motion for Partial Summary Judgment and Norfolk Southern's Motion in Limine. Rule 401, Rule 403.

**Corey Veal**:

   Plaintiff did not provide specific page and line references for testimony he intends to offer from Mr. Veal.  Plaintiff's references to "all or any portion" of the deposition does not comply with Rule 26(a)(3)(A)(ii) and this Court's scheduling order.   Plaintiff's failure to comply with the rules should be deemed a waiver of his right to present deposition testimony from Mr. Veal, and Norfolk Southern objects to the presentation of such testimony.   To the extent the Court permits Plaintiff to belatedly provide page and line references as required by the rule over Norfolk Southern's objection, Norfolk Southern reserves the right to provide specific objections and counter-designations once advised by Plaintiff as to which portions of the deposition Plaintiff plans to present.   Norfolk Southern further objects to those portions of Mr. Veal's deposition that Plaintiff may offer to the extent such designations are contrary to Norfolk Southern's Motions in Limine, ECF 111, 112 and/or Norfolk Southern's Motion for Partial Summary Judgement, and supporting filings and briefing, ECF 78, 81, and 96.

**Dr. Richard Boyer and Dr. Gerald Bilsky:**

   Norfolk Southern restates and reiterates its objections to any testimony as stated on the record during the course of these trial/proof depositions and requests that the Court exclude any

20

testimony that was subject to Norfolk Southern's objections. Norfolk Southern counter-designates its cross examination of these witnesses, including exhibits used in cross examination, for publication to the jury.

**<u>Miscellaneous</u>:**

For completeness as to any witness's testimony, to the extent not specifically referenced or clarified in this document, Norfolk Southern relies upon its previously submitted deposition designations, ECF 108, as formal counter-designations.

WHEREFORE, Norfolk Southern respectfully asks that the Court enter an order excluding, limiting, or modifying the Plaintiff's proposed or designated deposition testimony as set forth above. Norfolk Southern would further request that the Court grant leave for it to amend any counter-designations or make additional objections based on Plaintiff's use of the testimony at trial and/or based upon the Court's rulings on pending motions.

BAKER, O'KANE, ATKINS & THOMPSON, PLLP

S/ John W. Baker, Jr., BPR #001261
Emily L. Herman-Thompson, BPR #021518
*Attorneys for Defendant*
2607 Kingston Pike, Suite 200
P.O. Box 1708
Knoxville, Tennessee 37901-1708
(865) 637-5600-Office
(865) 637-5608-Fax
jbaker@boatlf.com
ethompson@boatlf.com

GALLIVAN, WHITE & BOYD
Ronald K. Wray, II, *pro hac vice*
One Liberty Square
55 Beattie Place, Suite 1200
Greenville, South Carolina 29601
(864) 271-9580
rwray@gwblawfirm.com

21

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020 , a copy of the foregoing ***Defendant's Objections to Plaintiff's Deposition Designations*** was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this filing through the Court's electronic filing system.

S/ John W. Baker, Jr.

22